THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

---

USCA Case No. 19-_____
United States District Court, Southern District of Florida
Case Nos.:  0:18-cv-61556-DPG and 0:18-cv-61558-DPG

---

*In re*  CHRISPUS VENTURE CAPITAL, LLC,
RICHARD TARRANT, JAMES JURANITCH,
CHAD PUGATCH, AND
RICE PUGATCH ROBINSON SCHILLER, PA.,

     Petitioners.

_____/

**PETITIONERS CHRISPUS VENTURE CAPITAL, LLC, RICHARD
TARRANT, JAMES JURANITCH, CHAD PUGATCH, AND
RICE PUGATCH ROBINSON & SCHILLER, PA.'S
PETITION FOR WRIT OF MANDAMUS**

---

KATHERINE E. GIDDINGS, B.C.S.
(949396)
KRISTEN FIORE, B.C.S. (25766)
**AKERMAN LLP**
106 E. College Ave., Suite 1200
Tallahassee, Florida 32301
Telephone:  (850) 224-9634
Facsimile:   (850) 222-0103
katherine.giddings@akerman.com
kristen.fiore@akerman.com

MICHAEL I. GOLDBERG (886602)
**AKERMAN LLP**
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Telephone:  (954) 463-2700
Facsimile:   (954) 463-2224
michael.goldberg@akerman.com

*Attorneys for Petitioners
Chrispus Venture Capital, LLC and Richard Tarrant*

NOLAN KEITH KLEIN (647977)
**LAW OFFICES OF NOLAN KLEIN, P.A.**
Wells Fargo Tower
One East Broward Blvd., Ste. 1500
Fort Lauderdale, FL 33301
Telephone: (954) 745-0588
Klein@nklegal.com

*Attorney for Petitioner*
*James Juranitch*

FRANK M. LOWREY IV
Georgia Bar No. 410310
JOHN H. RAINS IV
Georgia Bar No. 556052
**BONDURANT MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100
lowrey@bmelaw.com
rains@bmelaw.com

*Attorneys for Petitioners*
*Chad Pugatch, and*
*Rice Pugatch Robinson & Schiller, PA*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1**

Pursuant to Rule 26.1-1 of the Eleventh Circuit Rules, Petitioners Chrispus Venture Capital, LLC ("Chrispus"), Richard Tarrant, James Juranitch, Chad Pugatch, and Rice Pugatch Robinson & Schiller, PA, certify that the following is a complete list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, and includes subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

There are no known stock ticker symbols or publicly traded entities among these parties. In addition, no Creditor's Committee was formed below.

1. Akerman LLP (Counsel for Petitioners Chrispus and Tarrant)

2. Baldiga, William (Former Counsel for Respondent Wortley)

3. Bast Amron (Counsel for Trustee in bankruptcy)

4. Bast, Jeffrey (Counsel for Trustee in bankruptcy)

5. Beasley Hauser Kramer & Galardi, P.A. (Former Counsel for Wortley)

6. Bondurant Mixson & Elmore, LLP (Counsel for Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

7.    Boyd & Jenerette (Former Bankruptcy Counsel for Wortley)

8.    Brown Rudnick LLP (Former Counsel for Wortley)

9.    Campion, Tara (Former Counsel for Wortley)

10.   Carver, Christopher S. (Former Counsel for Chrispus)

11.   Chrispus Venture Capital, LLC (Petitioner, 5% owner of Debtor

      Global) ("Chrispus")

12.   Delgado, Jorge (Former Counsel for Wortley)

13.   Edelboim, Morgan (Former Counsel for Trustee in Bankruptcy)

14.   Fiore, Kristen (Counsel for Chrispus and Tarrant)

15.   Garfinkle, Jesse (Former Counsel for Wortley)

16.   Gayles, Honorable Darren P. (United States District Judge)

17.   Giddings, Katherine E. (Counsel for Chrispus and Tarrant)

18.   Global Energies, LLC (Debtor) ("Global")

19.   Goldberg, Michael I. (Counsel for Chrispus and Tarrant)

20.   Graner Law Group (Former Bankruptcy Counsel for Wortley)

21.   Graner, Thomas U. (Former Bankruptcy Counsel for Wortley)

22.   Hauser, Robert J. (Counsel for Wortley)

23.   Juranitch, James (CEO, Co-Managing Member, and 63% owner of

      Debtor Global)

24.   Klein, Nolan (Counsel for Juranitch)

25. Kluger, Kaplan, Silverman, Katzen & Levine, P.L. (Former Counsel for Wortley)

26. Kretzschmar, Catherine (Counsel for Chrispus and Tarrant)

27. Law Offices of Nolan Klein, P.A. (Counsel for Juranitch)

28. Levine, Todd (Former Counsel for Wortley)

29. Lowrey, Frank M., IV (Counsel for Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

30. Maddocks, Erin (Counsel for Chrispus and Tarrant)

31. Marra, Honorable Kenneth A. (United States District Judge)

32. McLaughlin Stern (Former Bankruptcy Counsel for Wortley)

33. Moore, Honorable K. Michael (United States District Judge)

34. Mukamal, Barry (Chapter 7 Trustee for Debtor Global)

35. Neiwirth, Ronald J. (Former Bankruptcy Counsel for Wortley)

36. Newburgh, Steven S. (Former Bankruptcy Counsel for Wortley)

37. Pankauski Hauser PLLC (Counsel for Wortley)

38. Plasma Power, LLC (Limited Liability Company Owned 50% by James Juranitch and 50% by Chrispus) ("Plasma Power")

39. Platzek, Stephen K. (Former Bankruptcy Counsel for Wortley)

40. Pugatch, Chad P. (Former Counsel for Chrispus and Petitioner)

41. Pugatch, Craig (Former Counsel for Chrispus and Counsel for Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

42. Rains, John H., IV (Counsel for Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

43. Ray, Honorable Raymond B. (United States Bankruptcy Judge)

44. Rice Pugatch Robinson & Schiller, P.A. (Petitioner)

45. Rice Pugatch Robinson Storfer & Cohen, PLLC f/k/a Rice Pugatch Robinson & Schiller, P.A. (Counsel for Chad Pugatch)

46. Roberts Asset Management, LLC (7% Owner of Chrispus)

47. Roberts, Ronald (Principal of Chrispus)

48. Rodriguez, Stacy J. (Former Counsel for Chrispus)

49. Rogow, Bruce S. (Former Counsel for Wortley)

50. Rogow Law Firm (Former Counsel for Wortley)

51. Softness, David R. (Former Bankruptcy Counsel for Wortley)

52. Tarrant, Richard (Petitioner, Principal and 93% Owner of Chrispus) ("Tarrant")

53. United States Trustee

54. Williams, Honorable Kathleen M. (United States District Judge)

55. Wortley, Joseph G. (Respondent, Co-Managing Member and 32% Owner of Debtor Global) ("Wortley")

56. Zinkler III, George L. (Former Counsel for Chrispus, Counsel for Chad Pugatch and Rice Pugatch Robinson & Schiller, P.A.)

57. Zloch, Honorable William J. (United States District Judge)

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND

    CORPORATE DISCLOSURE STATEMENT .................................................C-1

TABLE OF CONTENTS.............................................................................................i

TABLE OF CITATIONS ........................................................................................ ii

ISSUE PRESENTED...............................................................................................1

RELIEF SOUGHT ..................................................................................................3

FACTS NEEDED TO UNDERSTAND THE ISSUE PRESENTED.......................5

STANDARD OF REVIEW ...................................................................................11

REASONS WHY WRIT SHOULD ISSUE AND WHY NO OTHER
    ADEQUATE REMEDY IS AVAILABLE ..................................................13

    A.    THE DISTRICT COURT CLEARLY AND INDISPUTABLY
        VIOLATED THIS COURT'S MANDATE IN *GLOBAL* BY
        DIRECTING DISMISSAL OF THE BANKRUPTCY
        PROCEEDINGS WITHOUT AFFORDING PETITIONERS
        DUE PROCESS ................................................................................. 13

    B.    MANDAMUS IS THE ONLY ADEQUATE REMEDY
        AVAILABLE IF THIS COURT DETERMINES THE DISTRICT
        COURT'S ORDER IS NOT IMMEDIATELY APPEALABLE......... 21

CONCLUSION ......................................................................................................22

CERTIFICATE OF COMPLIANCE.....................................................................24

CERTIFICATE OF SERVICE .............................................................................25

# TABLE OF CITATIONS

**Cases**                                                         **Page**

*Albert v. Ameris Bank*, 517 Fed. App'x 900 (11th Cir. 2013) ................................ 13

*Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332

    (11th Cir. 1999) ........................................................................................ 13

*Bennick v. Boeing Co.*, 504 Fed. App'x 796 (11th Cir. 2012) ............................... 13

*Bradford v. Unum Life Ins. Co. of Am.*, 224 Fed. App'x 937 (11th Cir. 2007) ....... 14

*Browder v. Dir., Dep't of Corr. of Ill.,* 434 U.S. 257 (1978) ........................... 13, 20

*Crapp v. City of Miami Beach*, 242 F.3d 1017 (11th Cir. 2001) ............................ 17

*Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929 (11th Cir. 1986) ............ 20

*Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911 (11th Cir. 1982) ....................... 21

*Foudy v. Saint Lucie Cty. Sheriff's Office*, 677 Fed. App'x 657 (11th Cir. 2017) .. 13

*Gilbert v. Daniels*, 725 Fed. App'x 789 (11th Cir. 2018) ...................................... 13

*Glass v. Seaboard Coast Line R.R. Co.*, 714 F.2d 1107 (11th Cir. 1983) .............. 13

*Gonzalez v. Mortgage Elec. Registration Sys., Inc.*, 595 Fed. App'x 858

    (11th Cir. 2014) ........................................................................................ 13

*Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575

    (11th Cir. 1992), *cert. denied*, 506 U.S. 981 (1992) ................................... 18

*Hansen v. Roettger*, 736 Fed. App'x 245 (11th Cir. 2018) .................................... 13

*Hansberry v. Lee*, 311 U.S. 32 (1940) .................................................................. 20

*In re Adams,* Case No. Case No. 14-11102-F, 2014 WL 3630416

    (11th Cir. 2014) ........................................................3

*In re Global Energies, LLC*, 763 F.3d 1341 (11th Cir. 2014) ........................*passim*

*In re Sanford Fork & Tool Co.,* 160 U.S. 247 (1895) ........................................3, 12

*In re Wellcare Health Plans, Inc.,* 754 F.3d 1234 (11th Cir. 2014) ......................11

*Legal Envtl. Assistance Found., Inc. v. U.S. E.P.A.*, 276 F.3d 1253

    (11th Cir. 2001) ..................................................3, 12

*Madura v. BAC Home Loans Servicing*, *LP*, 734 Fed. App'x 629

    (11th Cir. 2018) ........................................................13

*Maradiaga v. United States*, 679 F.3d 1286 (11th Cir. 2012) ................................13

*Piambino v. Bailey,* 757 F.2d 1112 (11th Cir. 1985) ......................................3, 9, 12

*Rice v. Ford Motor Co*., 88 F.3d 914 (11th Cir. 1996) ..........................................13

*U.S. v. Banks*, 347 F.3d 1266 (11th Cir. 2003) ......................................................19

*U.S. v. Barnette,* 10 F.3d 1553 (11th Cir. 1994) ....................................................19

*U.S. v. Cannon*, 807 F.2d 1528 (11th Cir. 1986) ....................................................3

## RULES AND REGULATIONS

11th Cir. R. 59(b) ...................................................................................................17

11th Cir. R. 60(b) ..............................................................................................*passim*

11th Cir. R. 60(b)(2) .........................................................................................16, 17

11th Cir. R. 60(b)(3) .........................................................................................16, 17

Fed. R. App. P. 26-1-1 ...............................................................1

Fed. R. App. P. 21(d) ................................................................24

Fed. R. App. P. 32(a)(5) ...........................................................24

Fed. R. App. P. 32(a)(6) ...........................................................24

Fed. R. Bank. P. 7052(c) ............................................................5

**U.S. Code Provisions**

11 U.S.C. § 349(b) ..................................................................22

# ISSUE PRESENTED[1]

The issue presented in this petition is whether the district court misconstrued this Court's mandate in *In re Global Energies, LLC*, 763 F.3d 1341 (11th Cir. 2014) ("*Global*"). The only issue on appeal before this Court in *Global* was the propriety of the bankruptcy court's order denying Respondent Wortley's Rule 60(b) motion to rehear his motion to dismiss the bankruptcy proceedings, and the district court's affirmance of that order. Wortley did not appeal the order denying his motion to dismiss in *Global*, and that order was not before this Court in *Global*.

On remand following *Global*, the bankruptcy court interpreted *Global* as requiring due process and an evidentiary hearing on Wortley's allegations of bad faith as well as any damages and fees due Wortley. Until the remand, there had never been a relevant evidentiary hearing or fact finding on Wortley's allegations in either his Rule 60(b) motion or his motion to dismiss the bankruptcy proceedings. The bankruptcy court held an 11-day evidentiary hearing at which a dozen witnesses

---

[1] **Respondent** Joseph G. Wortley is referenced as **Wortley**. Petitioners Chrispus Venture Capital, LLC, James Juranitch, Richard Tarrant, Chad Pugatch and Rice Pugatch Robinson & Schiller, PA, are collectively referenced as **Petitioners**. Appendix references are to the relevant court docket number or where no docket number, Appendix Tab. Docket entries in the main bankruptcy case, Case No. 10-28935 (*e.g.*, [Dkt. 1] references docket entry 1); to the adversary case, Case No. 15-01447 (*e.g.,* [Adv. Dkt. 1] references adversary docket entry 1); and to the district court's appellate cases 0:18-cv-61556-DPG and 0:18-cv-61558-DPG (*e.g.,* [DC Dkt. 1] references district court's docket entry 1); [App. 11th Cir. *Global*] references appendix with *Global* documents.

testified on bad faith, damages, and fees. The bankruptcy court found that the "smoking gun" emails referenced in *Global* had previously been available to Wortley. The bankruptcy court also found that Wortley's briefs in *Global* selectively quoted from those emails. It found there was no bad faith when the court read the emails in full and in context with other emails and with all of the other testimony from credible witnesses. The bankruptcy court also ruled in the alternative that, even if there had been bad faith, Wortley suffered no damages because Global Energies was worthless as of the date the bankruptcy petition was filed.

On appeal, the district court reversed and ordered the bankruptcy court to dismiss the bankruptcy case—finding the bankruptcy court misconstrued this Court's mandate in *Global*. The district court did so based on its belief that the *Global* panel made factual determinations regarding Wortley's bad faith allegations and considered and ruled upon Respondent Wortley's motion to dismiss the bankruptcy case.

Only this Court can say what it intended in *Global*. But binding Supreme Court and Eleventh Circuit precedent holds that an appeal of an order denying a Rule 60(b) motion does not "bring up the underlying order for review." The only way the district court's interpretation of *Global*'s mandate could be correct is if this Court intended to violate binding Supreme Court case law and its own precedent—which of course it did not.

## RELIEF SOUGHT

Mandamus is the appropriate remedy when a court misinterprets an appellate court's mandate.[2]  If this Court finds that the district court's order at issue here ("the Order on Review") is not immediately appealable,[3] it is imperative that this Court review the Order on Review via mandamus.  Based on the district court's misconstruction of this Court's mandate in *Global*, the Order on Review erroneously remands this case to the bankruptcy court with directions to grant Wortley's motion

---

[2] *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1895) (writ of mandamus is appropriate where the lower court "misconstrues" higher court's mandate); *Legal Envtl. Assistance Found., Inc. v. U.S. E.P.A.*, 276 F.3d 1253, 1256 (11th Cir. 2001) (recognizing that this Court issued a writ of mandamus to enforce its mandate from a prior appeal); *U.S. v. Cannon*, 807 F.2d 1528, 1529 (11th Cir. 1986) (When a court fails to follow the appellate court's mandate, a writ of mandamus may issue.); *In re Adams,* Case No. 14-11102-F, 2014 WL 3630416, *2 (11th Cir. July 16, 2014) (unpublished decision) (granting mandamus relief where agency failed to follow mandate).

[3] Simultaneously with the filing of this petition, Petitioners filed a notice of appeal based on the finality of the Order on Review as well as the Order denying Petitioners' Rule 8022 motion for reconsideration.  Petitioners file this petition in an abundance of caution in the event this Court determines orders are non-final, and non-appealable.  *See Piambino v. Bailey*, 757 F.2d 1112, 1115 n.2 (11th Cir. 1985) (if district court fails to construe mandate correctly, court will treat appeal as mandamus if order under review is not a reviewable final judgment).  References to "Order on Review" in this Petition refer to the district court court's order remanding to the bankruptcy court for dismissal of the bankruptcy proceedings and a determination of damages and fees [DC Dkt. 36] and incorporates the district court's paperless order summarily denying Petitioner's Rule 8022 motion for reconsideration [DC Dkt. 41 & DC companion consolidated Dkt. 27].

to dismiss[4] the bankruptcy case—when, in fact, Wortley's Rule 60(b) motion merely requested an evidentiary hearing on his motion to dismiss.[5] This Court's *Global* opinion directed only that the bankruptcy court grant Wortley's Rule 60(b) motion.[6]

Petitioners request that this Court issue a writ of mandamus requiring the district court to: (1) vacate the Order on Review and (2) reevaluate the merits of Wortley's appeal of the bankruptcy court's 76-page opinion with the understanding that the bankruptcy court properly held an evidentiary hearing on the merits of Wortley's allegations of bad faith so that the parties were afforded due process. Because Wortley did not appeal any of the bankruptcy court's findings on bad faith, the only thing left will be for the district court to affirm the bankruptcy court once it follows this Court's mandate in *Global.*

---

[4] References to the "motion to dismiss" refer to Wortley's Second Motion to Dismiss in the bankruptcy proceedings. [Dkt. 128]

[5] The Orders on Review also mistakenly remand this case to the bankruptcy court to conduct an evidentiary hearing on fees and damages—when, in fact, the bankruptcy court already addressed those issues in the alternative during an 11-day evidentiary hearing at which the parties presented expert testimony and evidence. However, if this Court grants this mandamus petition, that issue becomes moot.

[6] References to the "Rule 60(b) motion" refers to Wortley's Motion for Rehearing Due to Newly-Discovered Evidence in the bankruptcy proceeding. [Dkt. 465]

## FACTS NEEDED TO UNDERSTAND THE ISSUE PRESENTED

*Global* involved an appeal of the bankruptcy court's order (and the district court's affirmance of that order) denying Wortley's Rule 60(b) motion. *Global,* 763 F.3d at 1344. Consistent with the only relief that can be granted under a Rule 60(b) motion, Wortley asked this Court in *Global* to require the bankruptcy court to hold an evidentiary hearing on his motion to dismiss, taking into account the "newly discovered" emails. *Global,* 11th Cir. Case No. 13-11666 (*See* App. 11th Cir. Prin. Br. at 36)]

*Global* reversed the denial of the Rule 60(b) motion, holding that the emails were "likely" to produce a different result because of Wortley's allegations of "bad faith." *Global* directed the bankruptcy court to grant Wortley's Rule 60(b) motion, vacate the bankruptcy court's order approving the sale of Global Energies' assets, vacate the sanctions imposed on Wortley, and ensure he was compensated for damages, if any. *Global,* 763 F.3d at 1350. *Global* then remanded the case for an "appropriate hearing," recognizing Petitioners never had their day in court on the issues.[7] *Id.* *Global* did <u>not</u> direct the bankruptcy court to dismiss the bankruptcy

---

[7] The bankruptcy court never heard Petitioners in an evidentiary hearing on Wortley's motion to dismiss because the motion to dismiss was the subject of a judgment on partial findings under Fed. R. Bank. Proc. 7052(c), which is akin to a directed verdict. [Dkt. 399]

case or grant the underlying motion to dismiss—nor could it have done so because the order on the underlying motion to dismiss was not on appeal.

On remand to the bankruptcy court, Wortley claimed the *Global* panel made a factual finding that the bankruptcy petition was filed in "bad faith" based on the "newly discovered" emails. [Dkt. 960] He asserted this Court in *Global* granted both his Rule 60(b) motion and his underlying motion to dismiss the bankruptcy proceedings—and all that remained was a determination of Wortley's damages and fees. *Id*.

Petitioners refuted Wortley's arguments to the bankruptcy court—asserting his interpretation would (1) grant substantive relief well beyond that permissible in an appeal of an order denying a Rule 60(b) motion; (2) deny the Petitioners' fundamental due process; (3) mean this Court wrongly acted as a fact-finding tribunal; (4); run afoul of binding Supreme Court and Eleventh Circuit precedent; (5) violate express provisions of the Bankruptcy Code; and (6) cause judgments to be entered against non-parties without those parties ever being heard. [Adv. Dkt. 360] As to the last assertion, the only parties to the *Global* appeal were Wortley and Chrispus. Wortley asserted in *Global* that petitioners James Juranitch, Richard Tarrant, and Chad P. Pugatch acted in concert—thus, for purposes of remand, they were made parties to the proceedings for the first time. [Dkt. 1063 at 41 and 50] Thus, without an evidentiary hearing on the merits of Wortley's allegations in the

Rule 60(b) motion and underlying motion to dismiss, Juranitch, Tarrant, and Pugatch would never receive any due process and would never be heard on the allegations against them.

Petitioners argued this Court in *Global* could not have intended that no court would ever hear the parties on Wortley's allegations—especially where Wortley's requested relief in his Rule 60(b) motion, and on appeal in *Global,* was simply for a remand to the bankruptcy court for an evidentiary hearing to consider the alleged "newly discovered evidence." *Id.*; *see also* [DC Dkt. 29]

The bankruptcy court rejected Wortley's arguments and agreed with Petitioners that this Court intended to provide the parties with due process. It then followed *Global's* mandate to the letter. The bankruptcy court granted Wortley's Rule 60(b) motion. It vacated its order approving the sale of Global's assets. [Dkt. 987] It vacated the sanctions imposed on Wortley and compensated him in damages on an interim basis in the amount of $203,193.57. *Id.* The bankruptcy court also found that *Global* did not require dismissal of the bankruptcy proceedings; it merely required the bankruptcy court to grant Wortley's Rule 60(b) motion—in which Wortley requested a rehearing of the motion to dismiss. [Dkt. 1063 at 59]

The bankruptcy court then determined it would hold an "appropriate hearing" per *Global's* requirement. Notably, after the bankruptcy court determined it would allow the parties to be heard on the merits of Wortley's allegations, Wortley

petitioned this Court for mandamus relief, arguing that the evidentiary hearing was inappropriate under *Global*'s mandate. *See In re: Wortley*, 11th Cir. No. 17-11429 (Wortley's Writ Pet., Mar. 31, 2017) (*See* App. 11th Mandamus Proceeding)].

Just before the evidentiary hearing was to occur and three months after Wortley filed his mandamus petition, Wortley filed a motion to stay the evidentiary hearing pending a ruling on his mandamus petition. [*Id.,* Mt. to Stay, Jun. 6, 2017) (*See* App. *Id.*)]. This Court denied the mandamus petition and denied the stay motion as moot the next day, thus permitting the evidentiary hearing to proceed as framed by the bankruptcy court. *Id.* (Order Jun. 7, 2017) (*See* App. *Id.*)]. In doing so, this Court re-associated the two district court judges who constituted two of the three judges on the *Global* panel to review Wortley's petition and denied Wortley's mandamus petition.

The bankruptcy court held an 11-day evidentiary hearing at which it heard from a dozen witnesses, gave Wortley and Petitioners the opportunity to put on evidence, and considered the bad faith allegations, damages, and fees. The testimony and evidence established the following regarding the emails at issue in *Global*. In *Global,* Wortley told this Court that Petitioners lied about the bankruptcy proceedings and hid the emails until March 2012. *Global*, 11th Cir. No. 13-11666 (Wortley's Prin. Br., *passim*) (*See* App. 11th Cir. *Global*)]. However, the evidentiary hearing established that those emails had been available to Wortley for

almost a year before that time. [Dkt. 1063, 45-46] Equally as important, at the evidentiary hearing, Petitioner Chrispus's attorneys presented evidence of the efforts to remind Wortley's counsel that the documents were available for inspection. [Dkt. 1063, 45-46]

In a 76-page order following the evidentiary hearing, the bankruptcy court found that Wortley's briefs to this Court in *Global* contained "mere excerpts" of the emails—which rendered them "misleading." [Dkt. 1063, 21 n.29] The bankruptcy court further found that, when combined with the plain language of the full emails as well as the testimony and other documentary evidence introduced at the evidentiary hearing, the emails were "communications to develop" a "'strategy' for how to approach Global Energies' future in conjunction with the future of the other companies that were developing." *Id.* at 21. The bankruptcy court found that the bankruptcy case was not filed in bad faith and therefore it should not be dismissed.

In the alternative, it found that even if *Global* could be read as requiring dismissal of the bankruptcy proceedings, the 11-day hearing uncovered "new" and "substantially different" evidence—which would warrant a deviation from the mandate rule under *Piambino,* 757 F.2d at 1120. [Dkt. 1063 at 59] Importantly, the bankruptcy court also found in the alternative that, even if there had been bad faith, Global Energies was worthless when the bankruptcy petition was filed and Wortley suffered no damages from the filing of the bankruptcy petition. *Id.* at 52.

On appeal to the district court, <u>Wortley did not challenge these factual findings</u>. Instead, as in the bankruptcy court, he merely argued that *Global* resolved all aspects of the relief sought in the underlying motion to dismiss—and not just the relief sought in his Rule 60(b) motion—including factual determinations on the issue of bad faith. [DC Dkt. 24 at 18-30] He further argued that *Global* required the bankruptcy court to dismiss the bankruptcy proceedings and he was entitled to a hearing limited to damages and fees. *Id.* at 31-32.

The district court accepted Wortley's arguments and reversed the bankruptcy court's findings in the Order on Review. [DC Dkt. 36] The Order on Review concludes this Court determined the factual issue of bad faith (even though at the time this Court issued *Global* no evidentiary hearing had ever occurred on that issue). *Id.* at 6. The Order on Review also concludes that this Court expressly directed in *Global* that the bankruptcy court dismiss the bankruptcy case even though the motion to dismiss was not on appeal to this Court in *Global*. *Id.* And, the Order on Review remands the case for a new evidentiary hearing limited to determining fees and damages—even though the bankruptcy court had already addressed those issues in the alternative following the 11-day evidentiary hearing. *Id.* at 7-8.

Petitioners argue here that the Order on Review indisputably misapprehends the relief mandated by *Global*. *Global*'s remand for an "appropriate hearing" could have meant only one thing: the bankruptcy court had to give Petitioners (including

those newly made parties) their day in court with an evidentiary hearing on the underlying motion to dismiss as well as the remedies issues. Moreover, *Global* does <u>not</u> <u>hold</u> that the bankruptcy proceeding be dismissed. Any alternative reading means *Global* violated binding Supreme Court and Eleventh Circuit precedent holding that an appellate court cannot engage in fact-finding and cannot consider the merits of the underlying motion when reviewing orders denying Rule 60(b) motions.[8]

## STANDARD OF REVIEW

Generally, a party must meet a three-prong test for mandamus relief: (1) no other adequate means to attain the relief requested; (2) right to issuance of the writ is clear and indisputable; and (3) issuance of the writ must be appropriate under the circumstances. *See, e.g.*, *In re Wellcare Health Plans, Inc.*, 754 F.3d 1234, 1238 (11th Cir. 2014). However, a federal appellate court <u>always</u> has mandamus authority to correct any misinterpretation or misapplication of its mandate by a lower court.

---

[8] Throughout the course of these proceedings, Wortley has repeatedly asserted that the arguments made here were also made and rejected by this Court in the *Global* appeal on rehearing. This, of course, is not dispositive of those assertions because, for instance, this Court may have felt its mandate instructing the bankruptcy court to grant Wortley's Rule 60(b) motion was clear when directing that an "appropriate hearing" be held and there was no need to grant rehearing on the issue. Moreover, consistent with the arguments here, this Court denied Wortley's motion for attorney's fees without prejudice for the district court to determine whether any fees should be awarded—thus indicating that this Court had not yet determined whether sanctions should be imposed because no evidentiary hearing had yet been held on Wortley's allegations. (*See* App. 11th Cir. *Global* docket)

*In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255-56 (1985); *see also Legal Envtl.*

*Assistance Found., Inc.,* 276 F.3d at 1256; *Piambino*, 757 F.2d at 1115 n.2; *Cannon*,

807 F.2d at 1529; *In re Adams*, 2014 WL 3630416, at *2.

Regardless, Petitioners meet the three-prong test. First, if this Court finds the

Order on Review is not immediately appealable via the notice of appeal filed

simultaneously with this Petition, the bankruptcy court will dismiss the bankruptcy

case if this Court does not grant mandamus relief. As explained below, dismissal

will cause irreparable harm that cannot be remedied on appeal of the bankruptcy

court's eventual judgment on damages and fees.

Second, the Order on Review's interpretation of *Global* is contrary to both

*Global* and the law governing Rule 60(b) motions, due process, and binding United

States Supreme Court and Eleventh Circuit precedent. Third, issuance of a writ of

mandamus is imperative to prevent a violation of Petitioners' fundamental rights.

## REASONS WHY WRIT SHOULD ISSUE AND WHY NO OTHER ADEQUATE REMEDY IS AVAILABLE

**A.    THE DISTRICT COURT CLEARLY AND INDISPUTABLY VIOLATED THIS COURT'S MANDATE IN *GLOBAL* BY DIRECTING DISMISSAL OF THE BANKRUPTCY PROCEEDINGS WITHOUT AFFORDING PETITIONERS DUE PROCESS.**

Binding Supreme Court precedent holds that an appeal of an order denying a Rule 60(b) motion, such as the order that was on appeal in *Global*, does not bring up the underlying judgment for review.  *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978).  This legal principle is so entrenched in American jurisprudence that every single active and senior Eleventh Circuit Judge except recently appointed Judge Britt C. Grant has served on at least one panel that has issued an opinion recognizing this principle.[9]

---

[9] *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (Marcus and William Pryor, JJ.); *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999) (Edmonson, Barkett and Cohill, JJ.); *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996) (Anderson and Cox, JJ.); *Glass v. Seaboard Coast Line R.R. Co.*, 714 F.2d 1107, 1109 (11th Cir. 1983) (Godbold, Roney and Tjoflat, JJ.); *Hansen v. Roettger*, 736 Fed. App'x 245, 247 (11th Cir. 2018) (Jill Pryor, Branch and Fay, JJ.) (Rule 60(b) cannot be used instead of a proper and timely appeal); *Gilbert v. Daniels*, 725 Fed. App'x 789, 792 (11th Cir. 2018) (Tjoflat, Rosenbaum and Newsom, JJ.) (a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief and not issues regarding the underlying judgment); *Madura v. BAC Home Loans Servicing, LP*, 734 Fed. App'x 629, 633 (11th Cir. 2018) (Martin, Jill Pryor and Fay, JJ.); *Foudy v. Saint Lucie Cty. Sheriff's Office*, 677 Fed. App'x 657, 660 (11th Cir. 2017) (Jordan, Rosenbaum and Dubina, JJ.); *Gonzalez v. Mort. Elec. Registration Sys., Inc.*, 595 Fed. App'x 858, 861-62 (11th Cir. 2014) (Marcus, Julie Carnes and Fay, JJ.); *Albert v. Ameris Bank*, 517 Fed. App'x 900, 905 (11th Cir. 2013) (Ed Carnes, Barkett and Hull, JJ.); *Bennick v. Boeing Co.*, 504 Fed. App'x 796, 797 (11th Cir. 2012) (Marcus, Wilson and

Consistent with this binding precedent, this Court in *Global* did not order the bankruptcy court to grant Wortley's motion to dismiss and dismiss the bankruptcy proceedings—nor could it have done so. Both the appellate briefs and this Court's *Global* opinion confirm that the sole order on appeal was the order denying Wortley's Rule 60(b) motion. That motion sought only to have the bankruptcy court grant a motion for rehearing to consider the alleged newly discovered evidence in connection with Wortley's previously denied motion to dismiss. In addition, this Court only ordered the bankruptcy court to grant Wortley's Rule 60(b) motion and to conduct "appropriate" hearings. Although this Court characterized the allegedly newly discovered emails as "evidence" of bad faith, this Court clearly understood that fact-finding needed to occur to determine whether the bankruptcy should be dismissed and to allow the Petitioners who had not previously been parties to the bankruptcy proceedings to be joined and have an opportunity to defend against Wortley's allegations.

A close reading of this Court's *Global* opinion confirms this Court was considering only Wortley's appeal of the order denying his 60(b) motion. The opinion first sets forth background facts. *Global*, 763 F.3d at 1344-47. The opinion then sets forth the test that must be satisfied for a trial court to grant relief from a

Martin, JJ.); *Bradford v. Unum Life Ins. Co. of Am.*, 224 Fed. App'x 937, 938 (11th Cir. 2007) (Tjoflat, Black and Marcus, JJ.).

judgment based on newly discovered evidence under Rule 60(b). *Id*. at 1347. *Global* noted Wortley had to demonstrate five things to have his allegedly newly discovered evidence considered by the bankruptcy court: (i) the new evidence was discovered after the judgment was entered; (ii) Wortley exercised due diligence in discovering the evidence; (iii) the evidence was not merely cumulative or impeaching; (iv) the evidence was material; and (v) the evidence was "**likely**" to produce a different result (the "Rule 60(b) Test"). *Id*.

Next, *Global* applied the Rule 60(b) Test to Wortley's version of the facts. *Global* concluded Wortley met the first factor because he told the Court he discovered the "smoking gun" emails in March 2012, which was well after the bankruptcy court denied his motion to dismiss. *Id*. at 1348. *Global* concluded Wortley met the second factor because he told the Court he was diligent in trying to discover messages and emails (although the evidentiary hearing before the bankruptcy court established this was not true). *Id*. *Global* concluded Wortley met the third factor because the Court believed the subject emails were "evidence of" a bad faith filing. *Id*. at 1349. *Global* concluded Wortley met the fourth factor because the Court deemed the emails material. *Id*. at 1350. Finally, *Global* concluded Wortley met the fifth factor because the emails "were likely to produce a different result on Wortley's motion to dismiss." *Id*. (emphasis added).

In summary, this Court's analysis was solely in the context of applying the 60(b) Test, under which it determined the emails were "evidence of" a bad faith filing "likely to produce" a different result.

The Order on Review misinterprets the relief mandated by this Court's opinion in *Global.* The Order on Review remands this case to the bankruptcy court "for actions consistent with [*Global*'s] Mandate"; but it goes on to instruct the bankruptcy court to "grant Wortley's [motion to dismiss]." [DC Dkt. 36 at 7] The Order on Review states:

> The Eleventh Circuit <u>clearly held that the new evidence</u> showed that "Tarrant and Juranitch conspired to have Chrispus file the bankruptcy petition in bad faith and that the bankruptcy court could and <u>should have dismissed Chrispus's petition</u> for bad faith." . . . <u>Based on this clear Mandate</u>, the bankruptcy court was not permitted, much less required, to conduct an eleven-day trial into the merits of Wortley's [motion to dismiss]. This was not a matter of "first impression" as suggested by the bankruptcy court, but instead one that had been decided by the Eleventh Circuit on appeal.

*Id.* at 6-7 (internal citations omitted). This statement shows clear error in the district court's interpretation of *Global*'s mandate.

**First**, the only issue before this Court was whether the bankruptcy court should have granted Wortley's Rule 60(b) motion.[10] *Global*, 763 F.3d at 1344. In

---

[10]  Wortley's Rule 60(b) motion asked for relief under both Rule 60(b)(2) and 60(b)(3). *Global*, 763 F.3d at 1347. However, this Court declined to reach any issue under Rule 60(b)(3), stating: "Having concluded that the bankruptcy court abused its discretion in denying Wortley's Rule 60(b)(2) motion [which only asked for a new hearing on the motion to dismiss], we need not reach his alternative contention

that motion, Wortley <u>alleged</u> there was "new evidence"; but, as this Court recognized, there had been no evidentiary hearing to determine whether the allegations were true. *Id.* at 1350.

**Second,** this Court did not direct the bankruptcy court to dismiss the bankruptcy petition. Nowhere in *Global* does this Court make that directive. Instead, *Global* <u>specifically instructs the bankruptcy court to grant Wortley's Rule 60(b) motion</u>. *Id.* Granting the Rule 60(b) motion simply means <u>Wortley was entitled to an evidentiary hearing on his motion to dismiss</u>. Wortley sought relief under Rule 60(b)(2), which is the alternative to Rule 59(b) and is used when the time for moving for a new trial under Rule 59(b) has passed. The relief under both rules is a grant of a "new trial" or here, as characterized by this Court in *Global*, an "appropriate hearing." See *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001). Accordingly, the bankruptcy court correctly held an 11-day evidentiary hearing on Wortley's motion to dismiss following *Global's* remand with directions that the bankruptcy court hold an "appropriate hearing."

**Third**, this Court did not <u>hold</u> that "the bankruptcy court could and should have dismissed Chrispus's petition for bad faith," as the Order on Review holds. [DC Dkt. 36 at 6] This Court made this statement in connection with its

---

that the bankruptcy court abused its discretion in denying his request for relief under Rule 60(b)(3)." *Id.* at 1350 n.6.

consideration of the Rule 60(b) motion and its conclusion that the subject emails were "<u>likely</u> to produce a different result." *Global*, 763 F.3d at 1350 (emphasis added). This statement could not be a <u>holding</u> because the order denying the motion to dismiss was not before this Court. *Great Lakes Dredge & Dock Co. v. Tanker Robert Watt Miller*, 957 F.2d 1575, 1578 (11th Cir.), *cert. denied*, 506 U.S. 981 (1992) (Dicta, or an appellate court's discussion of a matter not properly before the court at that time, is "neither the law of the case nor binding precedent."). This Court itself recognized in *Global* it could not rule on the underlying motion to dismiss because the order denying that motion was not before it, stating: "[The Petitioners] have not had an appropriate hearing, which will be conducted before the bankruptcy court." *Global*, 763 F.3d at 1350.

**Fourth**, the district court based its opinion on only a limited portion of what this Court stated, which led the district court to reach the wrong conclusion. This Court actually stated: "[T]he bankruptcy court could and should have dismissed Chrispus's petition for bad faith <u>had the truth been known</u>. **<u>Alternatively, the bankruptcy court could have revisited Global's sale, reversed the determination that the sale occurred in good faith, and voided the sale.</u>**" *Id.* (emphasis added). The district court misconstrued this Court's directives by overlooking that this Court stated that the bankruptcy court could have vacated the sale as appropriate alternative relief—which is in fact what this Court mandated and the bankruptcy court did.

[Dkt. 707]  Accordingly, the Order on Review's remand to the bankruptcy court to dismiss the bankruptcy petition clearly and indisputably misconstrues this Court's mandate in *Global.*

The Order on Review highlights the district court's mistaken belief that the order denying Wortley's motion to dismiss was before this Court in *Global*.  The <u>only</u> order on appeal before this Court in *Global* was Wortley's appeal of the bankruptcy order denying his Rule 60(b) motion and the district court's affirmance of that order.  Wortley's Rule 60(b) motion merely sought a new hearing on his motion to dismiss.  [Dkt. 465]  Therefore, when this Court instructed the bankruptcy court to grant Wortley's Rule 60(b) motion, it could only have been instructing the bankruptcy court to hold an evidentiary hearing on Wortley's motion to dismiss and to consider the subject emails at that hearing.  The evidentiary hearing, which considered extensive testimony and evidence not before this Court, established that Petitioners did not file the bankruptcy petition in bad faith and did not wrongly withhold the emails as Wortley <u>alleged</u> in his Rule 60(b) motion.

Again, this Court could not have made factual findings based on the allegations in the Rule 60(b) motion because it cannot make factual findings.  *U. S. v. Banks*, 347 F.3d 1266, 1271 (11th Cir. 2003) ("A court of appeals is not a fact finding body."); *U.S. v. Barnette*, 10 F.3d 1553, 1558 (11th Cir. 1994) ("It is not an appellate court's role to find facts.").  Moreover, as noted above, when a party

appeals an order denying a Rule 60(b) motion, the appellate court does not and cannot consider the merits of the underlying motion—in this case Wortley's motion to dismiss. *Browder*, 434 U.S. at 263 n.7.

**Finally**, the district court's interpretation of *Global* means that the non-party Petitioners would never receive due process to be heard on the merits of Wortley's allegations. Under the district court's interpretation of *Global,* this Court intended that the bankruptcy court simply enter judgment against Petitioners without Petitioners ever having been heard. This position flies in the face of the requirement that parties be given due process, which is one of the most fundamental principles afforded by the Constitution. *See, e.g.*, *Hansberry v. Lee*, 311 U.S. 32, 41 (1940). Contrary to the district court's interpretation, this Court expressly recognized that **each** of the Petitioners in this case must be afforded due process when it remanded the case back to the bankruptcy court stating, "Chrispus, Juranitch, Tarrant and Pugatch have not had an appropriate hearing, which will be conducted before the bankruptcy court." *Global*, 763 F.3d at 1350.

This Court itself has refused to approve orders assessing fees or sanctions when the lower court has not provided requisite due process—*i.e.,* notice and an opportunity to be heard to rebut the evidence on the record. *See, e.g.*, *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932 (11th Cir. 1986) (petitioner entitled to evidentiary hearing to present evidence and call and cross-examine witnesses

before disciplinary sanctions could be imposed); *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 918-19 (11th Cir. 1982) (courts have inherent authority to assess fees against counsel and a party who has litigated in bad faith but, "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record"). Accordingly, it is illogical to assume this Court intended to grant substantive relief to Wortley in this case and sanctions against non-parties based solely on an appeal of a Rule 60(b) order, thereby ignoring its prior decisions and principles of due process.

In summary, the bankruptcy court got it right by finding that due process had to be afforded Petitioners through an evidentiary hearing on the merits of Wortley's allegations, and the district court clearly and indisputably misconstrued this Court's mandate in *Global* in finding to the contrary. To hold otherwise means that this Court in *Global* intended to deny Petitioners due process and violate binding Supreme Court and Eleventh Circuit precedent.

**B.     MANDAMUS IS THE ONLY ADEQUATE REMEDY AVAILABLE IF THIS COURT DETERMINES THE DISTRICT COURT'S ORDER IS NOT IMMEDIATELY APPEALABLE.**

Simultaneously with the filing of this mandamus petition, Petitioners filed a notice of appeal of the Order on Review—explaining why the Order on Review is immediately appealable. However, should this Court disagree, mandamus is the only adequate remedy. The Order on Review directs dismissal of the bankruptcy

petition. That dismissal will cause irreparable harm that cannot be remedied at the end of the proceedings. Under 11 U.S.C. § 349(b), dismissal reinstates avoided transfers, vacates all prior orders, judgments and transfers, and re-vests the property of the estate in the entity in which such property was vested immediately before the commencement of the bankruptcy proceedings. Once done, that cannot practically be undone.

## CONCLUSION

The bankruptcy court properly construed this Court's mandate in *Global* to afford Petitioners an evidentiary hearing on Wortley's allegations in his motion to dismiss the bankruptcy proceedings—as requested by his Rule 60(b) motion for rehearing of that motion to dismiss. The bankruptcy court then issued a 76-page final judgment making detailed factual findings as to why no bad faith occurred and why it should not dismiss the bankruptcy proceedings. The Order on Review (and order denying reconsideration) reverses that final judgment, concluding the bankruptcy court failed to follow this Court's mandate in *Global* and directing the bankruptcy court to vacate its final judgment and dismiss the bankruptcy proceedings—wholly depriving Petitioners' right to be heard on Wortley's allegations.

Accordingly, Petitioners request that this Court issue a writ of mandamus requiring the district court to (1) vacate the Order on Review and order denying

reconsideration and (2) reevaluate the merits of Wortley's appeal of the bankruptcy court's 76-page opinion in accordance with this Court's mandate and with the understanding that the bankruptcy court properly held an evidentiary hearing on the merits of Wortley's allegations of bad faith so that the parties were afforded due process. Because Wortley did not appeal any of the bankruptcy court's findings on bad faith, the only thing left will be for the district court to affirm the bankruptcy court once it follows this Court's mandate in *Global*.

Respectfully submitted,

/s/ Katherine E. Giddings
KATHERINE E. GIDDINGS, B.C.S. (949396)
KRISTEN FIORE, B.C.S. (25766)
**AKERMAN LLP**
106 E. College Ave., Suite 1200
Tallahassee, Florida 32301
Telephone: (850) 224-9634
Facsimile: (850) 222-0103
katherine.giddings@akerman.com

MICHAEL I. GOLDBERG (886602)
**AKERMAN LLP**
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
michael.goldberg@akerman.com

*Attorneys for Petitioners*
*Chrispus Venture Capital, LLC and Richard Tarrant*

NOLAN KEITH KLEIN (647977)
**LAW OFFICES OF NOLAN KLEIN, P.A.**
Wells Fargo Tower
One East Broward Blvd., Ste. 1500
Fort Lauderdale, FL 33301
Telephone: (954) 745-0588
Klein@nklegal.com

*Attorney for Petitioner, James Juranitch*

FRANK M. LOWREY IV
Georgia Bar No. 410310
JOHN H. RAINS IV
Georgia Bar No. 556052
**BONDURANT MIXSON &
ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3417
(404) 881-4100
lowrey@bmelaw.com
rains@bmelaw.com

*Attorneys for Petitioners*
*Chad Pugatch, and*
*Rice Pugatch Robinson Schiller, PA*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this document contains 5,687 words in compliance with FRAP 21(d). This document also complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Katherine E. Giddings
KATHERINE E. GIDDINGS, B.C.S.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2019, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice

of electronic filing to all parties in this case whom are registered through the

CM/ECF.

| *Respondent* | *District Court Judge* |
|---|---|
| (service by ECF and U.S. Mail) | (service by U.S. Mail) |
| Robert Jeffrey Hauser, Esq. | The Honorable Darrin P. Gayles |
| PANKAUSKI HAUSER PLLC | United States District Court |
| 415 South Olive Avenue | Southern District of Florida |
| West Palm Beach, Florida 33401 | Wilkie D. Ferguson, Jr. U.S. Courthouse |
| 561 514 0900 (voice) | 400 North Miami Avenue, Room 11-1 |
| Email: hauser@phflorida.com | Miami, FL 33128 |

/s/ Katherine E. Giddings
KATHERINE E. GIDDINGS, B.C.S.